IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                            CR No. 21-559 JCH

ELOY ROMERO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court the following motions filed by the United States: *Motion for* Lafler/Frye *Hearing before a United States Magistrate Judge* (ECF No. 80); United States' *Motion in Limine to Prohibit Discussion of Sentencing or Punishment at Trial* (ECF No. 81); and United States' *Motion in Limine to Exclude Illegal Argument* (ECF No. 82). Defendant filed a response to the motions in limine, in which he stated he does not oppose the motion in limine to prohibit discussing sentencing or punishment at trial but that he opposes the motion in limine to exclude illegal argument to the extent it seeks to preclude him from challenging the quality and sufficiency of the Government's investigation. Having considered the motions and responses, the Court will grant the motion to prohibit discussion of potential punishment and will grant in part the motion to conduct a *Lafler/Frye* hearing. As for the motion in limine to exclude illegal argument, the Court will grant it to the extent the United States seeks to prohibit Defendant from arguing or presenting evidence to the jury about the constitutionality or the propriety of the Government's seizure of the evidence in this case. The Court, however, will reserve for trial rulings

on objections to specific evidence challenging the quality and sufficiency of the United States' investigation.

I. **United States'** *Motion for* **Lafler/Frye** *Hearing before a United States Magistrate Judge* **(ECF No. 80)**

In its motion, the Government asks the Court, in accordance with *Missouri v. Frye*, 566 U.S. 134 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012), to order a hearing before a United States Magistrate Judge to inquire prior to trial whether defense counsel communicated its plea offer to Defendant. (Pl.'s Mot 1, ECF No. 80.) The Government wishes to make a record to preclude a future ineffective assistance of counsel claim under 28 U.S.C. § 2255 by ensuring that defense counsel effectively conveyed the United States' plea offer to him. Defense counsel does not oppose the Court conducting a *Lafler/Frye* hearing. The Court briefly discussed this issue with the parties at the Call of the Calendar, and this Order follows up on that discussion.

Under *Frye*, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 566 U.S. at 145. This Court has conducted numerous *Lafler/Frye* inquiries in which it limited the questioning to whether defense counsel communicated the Government's offer(s) to the defendant, and its practice generally is to conduct its own *Lafler-Frye* inquiry on the morning of the first day of trial prior to voir dire. The Court, however, does not oppose the Government's request to conduct that hearing before a United States Magistrate Judge, and if the Government is able to schedule such a hearing prior to the first day of trial, then the Court will forego its own *Lafler/Frye* inquiry. The Court will not order such a hearing, and it leaves the burden on the parties to schedule a hearing before a magistrate judge. For now, the Court will schedule the *Lafler/Frye* hearing on March 27, 2023, at 8:45 am, and thus, grants the United States' motion to hold a *Lafler/Frye* hearing in part.

## II.  United States' *Motion in Limine to Prohibit Discussion of Sentencing or Punishment at Trial* (ECF No. 81)

The Government requests that the Court prohibit any discussion of the potential penalties that would result from a conviction. Defendant does not object to this motion, so the Court will grant the motion.

## III.  United States' *Motion in Limine to Exclude Illegal Argument* (ECF No. 82)

In this motion, the United States seeks an order prohibiting Defendant from complaining about the constitutionality of how evidence was gathered or the admissibility of that evidence to the jury. This motion arises from Defendant's previously filed motion to suppress evidence, which the Court denied after a hearing. Defendant states that he "does not intend to argue that the evidence was seized in violation of Mr. Romero's Constitutional rights." (Defs.' Resp. 4, ECF No. 84.) The Court will grant the Government's motion to the extent it seeks to prohibit Defendant from arguing or presenting evidence to the jury about the constitutionality of the Government's seizure of the evidence in this case.

Defendant nevertheless opposes the motion to the extent it would interfere with his ability to ask witnesses about the circumstances surrounding their investigation or to offer evidence and argument relating to improper law enforcement tactics during the investigation. Defendant intends to challenge the propriety of the investigation and the quality of the Government's evidence.

In *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998), the defendant argued the court erred in excluding his evidence of law enforcement reports that purportedly showed the government's investigation of the activities of another suspect group was shoddy. The Tenth Circuit found that the defendant did not show that the quality of the government's investigation was material to his defense because "he failed to establish the requisite connection between the allegedly 'shoddy' and 'slanted' investigation and any evidence introduced at trial." *Id.* The circuit

concluded that, to have permitted the evidence that the government could have done something more to investigate the suspect group would have diverted the jury's attention from the trial issues. *Id.* The Tenth Circuit noted, however, that "the quality or bias of a criminal investigation occasionally may affect the reliability of particular evidence in a trial, and hence, the facts surrounding the government's investigation may become relevant." *Id.* (citing with approval *Lowenfield v. Phelps*, 817 F.2d 285, 291–92 (5th Cir.1987), for its "holding that it was a reasonable trial strategy to attempt to argue that 'sloppy police work' tainted the chain of custody for certain guns seized by police and 'set the stage for an argument that others were implicated in the murders'")). Consequently, certain facts about the quality or bias of the government's investigation may become relevant when it would affect the reliability of a particular piece of evidence, the quality of the government's witnesses, or the weight to be given evidence produced by the investigation. *See United States v. Charley*, No. 1:19-cr-00940 JCH, 2020 WL 1324398 at *11 (D.N.M. Mar. 20, 2020).

      The record at this stage is not sufficiently developed for the Court to make pretrial rulings as to the admissibility of evidence regarding the quality of the government's investigation. While there are occasions in which the quality of an investigation may become relevant, Defendant's request to introduce evidence regarding the "propriety of the investigation" could cross the line into irrelevant evidence that could divert the jury's focus away from the trial issues. The Court therefore cannot make a blanket, broad ruling at this time admitting or prohibiting evidence concerning the quality or propriety of the investigation. This ruling does not prevent the parties from making objections at trial to specific questions or evidence that pertain to the quality of the investigation; nor does it prevent Defendant from showing that government witnesses' accounts of events were inconsistent.

**IT IS THEREFORE ORDERED** that:

1. The United States' *Motion for* Lafler/Frye *Hearing before a United States Magistrate Judge* (**ECF No. 80**) is **GRANTED IN PART**. The Court will conduct its own *Lafler/Frye* hearing **on Monday, March 27, 2023, at 8:45 a.m.**, unless the parties are able to schedule such a hearing with a United States Magistrate Judge before trial.

2. The United States' *Motion in Limine to Prohibit Discussion of Sentencing or Punishment at Trial* (**ECF No. 81**) is **GRANTED**.

3. The United States' *Motion in Limine to Exclude Illegal Argument* (**ECF No. 82**) is **GRANTED** to the extent it seeks to prohibit Defendant from arguing or presenting evidence to the jury about the constitutionality or the propriety of the Government's seizure of the evidence in this case. The Court will otherwise take up specific objections regarding the admissibility of evidence relating to the quality or sufficiency of the government's investigation at trial.

_____
**SENIOR UNITED STATE DISTRICT JUDGE**