IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                    No. 21-cr-00559-JCH

ELOY ROMERO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant Eloy Romero faces charges for possessing drugs with intent to distribute and for possessing a firearm in furtherance of a drug-trafficking crime. This memorandum opinion and order addresses the following pretrial motions filed by Mr. Romero: (i) *Motion in Limine #1 to Exclude Evidence Related to Police Tactical Plan on February 25, 2021* (ECF No. 76); (ii) *Motion in Limine #2 to Exclude Court Related Documents Bearing Mr. Romero's Name Found in Vehicle Mr. Romero Was Driving on February 25, 2021* (ECF No. 77); (iii) *Motion in Limine #3 to Exclude Evidence that on February 25, 2021, Mr. Romero Had a Suspended Driver's License and an Outstanding Misdemeanor Warrant in Sandoval County and Evidence of a Temporary Driver's License Document Bearing the Name Robert Schmidt* (ECF No. 78); (iv) *Motion in Limine #4 to Exclude any Evidence of Mr. Romero's Criminal Record* (ECF No. 79); and (v) *Motion in Limine #4 to Exclude Evidence of Effects of Drugs on Society* (ECF No. 83).

**I.    Background**

The Court incorporates the background facts from its memorandum opinion and order denying Mr. Romero's motion to suppress. (*See* Mem. Op. & Order 1-14, ECF No. 51). The following summarized facts are useful.

On February 25, 2021, Albuquerque Police Department officers were conducting a tactical operation in southwest Albuquerque. (*See* Def.'s Mot. in Lim. #1, at 1, ECF No. 76; U.S. Resp. Mots. in Lim. #2 & #3, at 1, ECF No. 98.) The police observed Mr. Romero driving a vehicle. (*See* Def.'s Mot. in Lim. #3, at 2, ECF No. 78; Gov.'s Resp. 2, ECF No. 98.) The police eventually pulled over Mr. Romero. (*See* Def.'s Mot. in Lim. #3, at 2, ECF No. 78; Gov.'s Resp. 2, ECF No. 98.) During the traffic stop and inventory search, the police discovered court documents with Mr. Romero's name, a suspended driver's license, an outstanding misdemeanor arrest warrant, and a temporary driver's license with the name "Robert John Schmidt." (*See* Def.'s Mot. in Lim. #3, at 2, ECF No. 78; Gov.'s Resp. 2, ECF No. 98.) The United States claims that the photograph on the temporary driver's license depicts Mr. Romero. (*See* Gov.'s Resp. 2, ECF No. 98.)

**II.    Discussion**

Rule 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. A court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or confusion of the issues. Fed. R. Evid. 403. Rule 404(b) prohibits the admission of evidence of crimes, wrongs, or other acts to prove a person's character to show action that conforms to that character, but it allows evidence of other bad acts if admissible for other purposes, such as motive, opportunity, preparation, plan, intent, knowledge, absence of mistake, or lack of accident. *See* Fed. R. Evid. 404(b). Under Rule 404(b), evidence is admissible if (1) the evidence is offered for a proper purpose; (2) it is relevant; (3) its probative value is not substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court gives a proper limiting instruction if it is requested by the defendant. *United States v. Moran*, 503 F.3d 1135, 1143-44 (10th Cir. 2007).

      **A.**      **Mr. Romero's *Motion in Limine #1 to Exclude Evidence Related to Police Tactical Plan on February 25, 2021* (ECF No. 78)**

Mr. Romero asks the Court to "exclude all evidence of officers' tactical operation, reasons surrounding said operation and officers' suspicions when they initially observed the vehicle Mr. Romero was driving in that they thought it was driving in a manner consistent with a stolen vehicle." (Def.'s Mot. in Lim. #3, at 5, ECF No. 78.) This request apparently includes an objection to "evidence of the video recordings." (*Id.* at 4.) Mr. Romero supports his request with two reasons. First, claims Mr. Romero, this background evidence explaining the officers' presence in southwest Albuquerque is irrelevant to Mr. Romero's charges. Second, Mr. Romero argues that this evidence presents a Rule 403 problem: its probative value will be substantially outweighed by its prejudicial effect.

The United States clarifies the evidence that it seeks to admit. First, the United States does not anticipate lengthy background information. (*See* Gov.'s Resp. 2, ECF No. 97.) Second, the United States plans to "explain how and why [law enforcement] came to be involved with" Mr. Romero. (*Id.* (quoting *United States v. Flores-de-Jesus*, 569 F.3d 8, 19 (1st Cir. 2009)).) Third, "testimony about the operation on February 25, 2021, would be based on officers' personal knowledge of the crime in the area and the general characteristics of the area which caused APD to perform an operation in the area." (*Id.*) And fourth, "[the testimony] will include their personal observations of Defendant on the date of incident, not some other individual." (*Id.*)

Based on the United States' proffer, this evidence is relevant and not substantially outweighed by its prejudicial effect. The Tenth Circuit recently approved of courts allowing "overview testimony to the extent it concerns how an investigation began, the law enforcement agencies involved, or the investigative techniques used." *United States v. Brooks*, 736 F.3d 921,

930 (10th Cir. 2013). The Court's understanding is that the United States plans to introduce just this type of evidence.

To be sure, "overview testimony is susceptible to abuse." *Id.* This abuse may happen when a witness goes beyond personal knowledge, relies on other sources of information, details broad criminal activity, and then associates a defendant with that activity. *See, e.g.*, *United States v. Casas*, 356 F.3d 104, 119 (1st Cir. 2004) (holding evidence inadmissible where witness—without personal knowledge—testified that defendants were members of large drug-trafficking organization and relied on statements of a different witness that government chose not to call); *see also Brooks*, 736 F.3d at 930 ("Other potential problems [with overview evidence] include the government's ability (1) to spin the evidence in its favor before it is admitted (assuming it is ever admitted), (2) to give its official imprimatur to certain evidence, and (3) to allow its witnesses (usually law enforcement) to testify on matters about which they have no personal knowledge or that are based on hearsay."). The United States' asserted plans do not trigger concerns of such abuse. Nor does the Court find the evidence to be unfairly prejudicial. Evidence that the officers found Mr. Romero's behavior suspicious and indicative of driving a stolen vehicle will be mitigated by the evidence that they subsequently discovered that the vehicle was not stolen. The evidence, however, is relevant to explain the context for why they began their investigation of Mr. Romero.

Because the probative value is not substantially outweighed by its potential for unfair prejudice, the Court denies Mr. Romero's motion to exclude evidence related to the police tactical plan. If the United States' background evidence begins to resemble problematic overview evidence, however, then Mr. Romero may renew his objection at trial.

> **B.** **Mr. Romero's *Motion in Limine #2 to Exclude Court Related Documents Bearing Mr. Romero's Name Found in Vehicle Mr. Romero Was Driving on February 25, 2021* (ECF No. 77)**

Mr. Romero objects to the introduction of court documents found in the vehicle. These documents include a criminal trespass notification, two traffic citations, a notice of a plea hearing, a notice of a status conference, and a criminal summons. Mr. Romero objects to this evidence for three reasons. First, Mr. Romero contends that this evidence is irrelevant. (*See* Def.'s Mot. in Lim. #2, at 3, ECF No. 77.) Second, Mr. Romero asserts that this evidence implicates Rule 404. (*See id.* at 4.) Third, Mr. Romero contends that the prejudicial effect of the documents will substantially outweigh their probative value. (*See id.*)

The United States argues that the documents are relevant. (Gov.'s Resp. 4, ECF No. 98.) At trial, the United States must prove that Mr. Romero possessed the narcotics and firearm within the backpack that police discovered in the vehicle. And the United States notes that it is pursuing a theory of constructive possession. (*See id.*) That is, the United States must prove that Mr. Romero "knowingly has the power and intent at a given time to exercise dominion or control over an object." Tenth Cir. Crim. Pattern Jury Instructions 1.31.

The documents are relevant to the extent they bear Mr. Romero's name and contain dates. Rule 404(b)(2) allows admission of evidence to prove knowledge. The presence of personal documents near the narcotics and firearm makes the fact of Mr. Romero's constructive possession more likely than it would be without the documents. *See* Fed. R. Evid. 401. The documents are relevant to how long Mr. Romero may have possessed the vehicle and the likelihood that the contents of the vehicle were in his control.

But the criminal nature of the documents risks propensity-based inferences. Said otherwise, a jury might infer that if Mr. Romero broke the law in the past, then he is more likely to have broken the law here too, potentially violating Rule 404(b)(1). This risk of propensity-based

inferences, however, can be mitigated without total exclusion of the evidence. The Government may admit evidence that officers found documents containing Mr. Romero's identifying information and the dates of the documents, but the Court will exclude the documents themselves. This compromise reduces the documents' prejudicial effect so that it will not substantially outweigh the documents' probative value. *See* Fed. R. Evid. 403. The Court will therefore grant in part and deny in part Mr. Romero's second motion in limine.

    **C.**    **Mr. Romero's** *Motion in Limine #3 to Exclude Evidence that on February 25, 2021, Mr. Romero Had a Suspended Driver's License and an Outstanding Misdemeanor Warrant in Sandoval County and Evidence of a Temporary Driver's License Document Bearing the Name Robert Schmidt* **(ECF No. 78)**

Mr. Romero objects to three additional pieces of evidence: (i) a suspended driver's license, (2) an outstanding misdemeanor arrest warrant, and (iii) a temporary driver's license with the name "Robert John Schmidt." The Court addresses each in turn.

    **1.**    **Suspended Driver's License**

Mr. Romero claims that the suspended driver's license is irrelevant evidence. (*See* Def.'s Mot. in Lim. #3, at 3, ECF No. 78.) The United States claims that the evidence is relevant because it can explain the police officers' actions during the traffic stop. (*See* Gov.'s Resp. 6, ECF No. 98.) In particular, the United States argues that the driver's license "has probative value and will help jurors understand why the vehicle was towed." (*Id.*)

The United States has the better argument. Excluding this evidence might cause the jurors to question whether the police acted unreasonably in searching Mr. Romero's car. Evidence of the suspended license is relevant to the actions law enforcement took on the night in question and why. *See* Fed. R. Evid. 401. And its prejudicial effect does not substantially outweigh its probative value. *See* Fed. R. Evid. 403. A juror is unlikely to conclude that having a suspended driver's

6

license means a person is more likely to be involved with drug trafficking. The Court thus denies Mr. Romero's motion to exclude the suspended driver's license.

### 2. Outstanding Misdemeanor Arrest Warrant

Mr. Romero objects to an outstanding misdemeanor arrest warrant. (*See* Def.'s Mot. in Lim. #3, at 23, ECF No. 78.) The United States, however, does not intend to introduce the warrant. (Gov.'s Resp. 6, ECF No. 98.) The Court therefore grants Mr. Romero's motion as to the warrant.

### 3. Temporary Driver's License with the Name "Robert John Schmidt"

Mr. Romero objects to the introduction of a temporary driver's license with the name "Robert John Schmidt." (*See* Def.'s Mot. in Lim. #3, at 4, ECF No. 78.) The United States claims that the photograph on this license depicts Mr. Romero. (Gov.'s Resp. 2, ECF No. 98.) Mr. Romero objects for three reasons. First, Mr. Romero asserts that the license is irrelevant. (Def.'s Mot. in Lim. #3, at 4, ECF No. 78.) Second, Mr. Romero contends that the probative value of the evidence is substantially outweighed by its prejudicial effect. (*See id.*) And third, Mr. Romero argues that the admission of the license would involve the introduction of inadmissible hearsay. (*See id.*)

As described above, *see supra* Section II.B, the United States is relying on a theory of constructive possession. According to the Government's proffer, it intends to present evidence that officers found the temporary license bearing Mr. Romero's likeness in the pocket of the backpack that contained the narcotics and firearm, facts that are highly probative as to whether Mr. Romero constructively possessed the items in the backpack. *See* Fed. R. Evid. 401. The Court finds that the significant probative value of this evidence is not substantially outweighed by its prejudicial effect. *See* Fed. R. Evid. 403. Moreover, any potential prejudice can be mitigated with a limiting instruction to the jury.

Mr. Romero does not explain how the license is inadmissible hearsay. Hearsay is an out-of-court statement introduced to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(d). Mr. Romero does not identify the statement that the United States seeks to prove with the introduction of the license, nor does he specify how the license could be used to prove such a statement. Nor does it appear that the Government's purpose in introducing the license is to prove the truth of anything stated on the license. The Court therefore denies Mr. Romero's motion to exclude evidence of the temporary license.

### D.   Mr. Romero's *Motion in Limine #4 to Exclude any Evidence of Mr. Romero's Criminal Record* (ECF No. 79)

According to the United States' *Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 609*, Mr. Romero has two shoplifting convictions that it seeks to introduce if Mr. Romero testifies at trial: (1) a May 3, 2019, misdemeanor shoplifting conviction for over $250 but not more than $500, and (2) an April 16, 2021, felony shoplifting conviction for over $500. (*See* Notice, ECF No. 88.) Mr. Romero seeks to exclude evidence related to his prior arrests and convictions as irrelevant and unfairly prejudicial.

Outside of the uses of the evidence discussed above, the United States does not intend to introduce in its case-in-chief evidence of Mr. Romero's misdemeanor shoplifting from 2019 or his felony shoplifting conviction from April 2021. (Gov.'s Resp. 1, ECF No. 99.) If Mr. Romero testifies at trial, the Government seeks to use his felony conviction as admissible impeachment under Rule 609. (*Id.*) In the Government's response, however, it did not argue that the misdemeanor shoplifting conviction should be admitted. The Court will therefore grant Mr.

8

Romero's motion to prevent the United States from impeaching him with his misdemeanor shoplifting conviction.[1]

As for Mr. Romero's felony shoplifting conviction, Rule 609 provides that evidence of a criminal defendant's prior felony conviction may be admitted for the purpose of attacking that defendant's credibility as a witness if the court finds the probative value of the conviction outweighs its prejudicial effect to that defendant. Fed. R. Evid. 609(a)(1)(B). This balancing test is applied because of the risk of prejudice that a jury might use the prior convictions as propensity evidence. *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (citing Fed. R. Evid. 609, advisory committee's notes (1990 Amendments)). The Tenth Circuit has listed five factors for a court to consider when determining whether to admit a conviction under Rule 609(a)(1): "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *Id.* If admitted, the scope of cross-examination under Rule 609 includes the essential facts of the conviction, the nature of the crime, and the punishment. *Id.*

As to the first and second factors, "[t]he implicit assumption of Rule 609 is that prior felony convictions have probative value. Their probative value, however, necessarily varies with their nature and number." *Id.* (quoting *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998)). Mr. Romero's shoplifting conviction has value as impeachment evidence. The date of the conviction, while occurring after the charged offenses, occurred prior to the trial in this case and

---

[1] Admission of misdemeanor convictions are governed by Rule 609(a)(2), and shoplifting is not "automatically" a crime involving a dishonest act or false statement under Rule 609(a)(2). *See United States v. Dunson*, 142 F.3d 1213, 1215 (10th Cir. 1998).

is close in time to be of relevance to the jury when considering Mr. Romero's credibility, should he testify.

Turning to the third factor, the greater the similarity between the prior convictions and the charged crime, the more likely that the convictions could be misused by a jury as propensity evidence. *See Smalls*, 752 F.3d at 1240. That is not the case here. Mr. Romero's felony conviction for shoplifting is not of an inflammatory nature and is unlikely to provoke an emotional response against him. In addition, the shoplifting conviction is sufficiently different from the charged conduct that a jury is unlikely to confuse his past conduct with his current charges.

The fourth and fifth factors weigh in favor of admission. Should Mr. Romero testify, his credibility would be a central issue for the jury. He was the sole occupant in the vehicle containing the backpack with the narcotics and firearm. The case could turn on whether the jury chooses to believe his testimony concerning his knowledge of the contents of the backpack. Should he testify, his credibility will be central to the case. Furthermore, a limiting instruction may be given to mitigate the potential misuse of this evidence by a jury. For all the foregoing reasons, the Court finds that the probative value of the evidence of Mr. Romero's felony shoplifting conviction substantially outweighs the danger of unfair prejudice to him. Accordingly, the Court will grant Mr. Romero's request to exclude evidence of his misdemeanor shoplifting conviction, but will deny his request to prevent the United States from impeaching him with his felony shoplifting conviction.

E. **Mr. Romero's *Motion to Exclude Evidence of Effects of Drugs on Society* (ECF No. 83)**

Mr. Romero requests an order excluding the introduction of evidence regarding the negative and harmful effects of drugs on society, asserting that it would impermissibly appeal to the emotions of the jury. The Government responded that it "does not anticipate eliciting testimony

or presenting evidence about the broadly stated 'harmful effects of drugs on society.'" (Gov.'s Resp. 1, ECF No. 100.) Given that the Government does not oppose the motion, the Court will grant it.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that

1. Defendant Eloy Romero's *Motion in Limine #1 to Exclude Evidence Related to Police Tactical Plan on February 25, 2021* (**ECF No. 76**) is **DENIED**.

2. Defendant Eloy Romero's *Motion in Limine #2 to Exclude Court Related Documents Bearing Mr. Romero's Name Found in Vehicle Mr. Romero Was Driving on February 25, 2021* (**ECF No. 77**) is **GRANTED IN PART AND DENIED IN PART**. The motion is **granted** to the extent that the Court will exclude the documents themselves, but is **denied** in that the Court will permit testimony about the discovery of the documents, that Mr. Romero's name is on the documents, and the dates of the documents.

3. Defendant Eloy Romero's *Motion in Limine #3 to Exclude Evidence that on February 25, 2021, Mr. Romero Had a Suspended Driver's License and an Outstanding Misdemeanor Warrant in Sandoval County and Evidence of a Temporary Driver's License Document Bearing the Name Robert Schmidt* (**ECF No. 78**) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. The motion is **denied** as to the suspended driver's license;

    b. The motion is **granted** as to the outstanding misdemeanor arrest warrant; and

    c. The motion is **denied** as to the temporary driver's license.

4. Defendant Eloy Romero's *Motion in Limine #4 to Exclude any Evidence of Mr. Romero's Criminal Record* (**ECF No. 79**) is **GRANTED** as to his misdemeanor

shoplifting conviction but is **DENIED** as to his request to prevent the United States from impeaching him with his felony shoplifting conviction.

5. Defendant Eloy Romero's *Motion in Limine #4 to Exclude Evidence of Effects of Drugs on Society* (**ECF No. 83**) is **GRANTED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**