IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                    CR No. 21-559 JCH

ELOY ROMERO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on *Defendant Eloy Romero's Motion to Exclude Proposed Expert Testimony and/or in the Alternative for Daubert Hearings* (ECF No. 96), in which he seeks an order excluding or limiting the proposed expert testimony of Special Agent Joshua Belida. The Court, having considered the motion, response, record, and relevant law, concludes that Defendant's motion will be denied to the extent he requests a pretrial *Daubert* hearing, but otherwise, the Court will reserve ruling until trial on the admissibility of Special Agent Belida's opinion testimony proffered by the Government.

    **I.**     **BACKGROUND**

    On February 16, 2023, the United States filed a Notice of its intent to call as an expert witness Drug Enforcement Administrative ("DEA") Special Agent Joshua Belida to testify about the methods and practices commonly used in narcotics distribution and investigations. (Notice ¶ 5, ECF No. 95.) More specifically, if permitted, he will offer opinion testimony on personal use quantities and distribution quantities and how differing illegal narcotics are sold in various

quantities, for example, methamphetamine is commonly sold by the pound. (*Id.*) The Government also wishes to elicit testimony about tools used in the drug trafficking trade, such as firearms for protection of the merchandise and proceeds. (*Id.*) According to the United States, his opinions are based on his specialized knowledge derived from his education, training, and professional experience as a law enforcement officer with the DEA since January 2011. (*Id.*; Belida Resume 1, ECF No. 95-2.) He has twice testified as a drug expert in federal court. (Belida Resume 2, ECF No. 95-2.)

Defendant seeks to exclude the testimony because the Government failed to provide the specific opinions he will render and the bases for the opinions he will be expressing at trial.

## II. LAW

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Fed. R. Evid. 702. A witness, qualified by knowledge, skill, experience, training, or education, may offer an opinion so long as the following conditions are met:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based upon sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

*Id.* Rule 702 incorporates the principles of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), to ensure that proffered expert testimony, even non-scientific and experience-based expert testimony, is both relevant and reliable. Fed. R. Evid. 702, 2000 Amendments. "The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595.

To determine whether an expert opinion is admissible, the district court performs the

following two-step analysis: (1) the court must determine whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion, and (2) if the expert is so qualified, the court must determine whether the expert's opinion is reliable under the principles set forth in *Daubert*. *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006). *Daubert*'s general holding setting forth the judge's gate-keeping obligation applies not only to testimony based on scientific knowledge, but also to testimony based on technical or specialized knowledge. *Kumho Tire*, 526 U.S. at 141. The test for reliability is flexible, and the court has broad discretion in deciding how to determine reliability, including what procedures to use in making the assessment. *Id.* at 141-42; *United States v. Velarde*, 214 F.3d 1204, 1208-09 (10th Cir. 2000). The proponent of the expert bears the burden by a preponderance of the evidence to establish that the requirements for admissibility have been met. *See United States v. Nacchio*, 555 F.3d 1234, 1241, 1251 (10th Cir. 2009).

### III.   ANALYSIS

Based on the proffer of the Government and Special Agent Belida's resume, he has extensive experience in drug trafficking investigations and has testified as an expert in two federal cases. Generally, testimony concerning the tools and modus operandi of the drug trade is relevant, is not within the common knowledge of the jury, is helpful to the jury, and does not offend the rule against rendering opinions on ultimate legal issues. *Cf. United States v. Garza*, 566 F.3d 1194, 1199 (10th Cir. 2009) (holding that use of firearms in drug trade is proper subject for expert testimony); *United States v. Sturmoski*, 971 F.2d 452, 459 (10th Cir. 1992) (holding that district court did not abuse its discretion in classifying agent as expert or in admitting his testimony on value of clandestine laboratories, desire of lab operator to protect investment through use of firearms, and tools of drug trade); *United States v. McDonald*, 933 F.2d 1519, 1521-23 (10th Cir.

1991) (holding that district court did not abuse its discretion in allowing expert testimony about significance of quantity of cocaine and other common items of drug trade because jury could not be expected to understand this evidence without specialized knowledge). The proposed testimony by Special Agent Belida is relevant to the elements of this case, is not within the common knowledge of the jury, and would assist the jury.

Nor is the evidence regarding Special Agent Belida's training and experience prejudicial to Defendant. Consequently, a pretrial *Daubert* hearing is not needed. The Court can take up objections to the expert testimony at a bench conference at trial. The United States should not elicit any opinion testimony from Special Agent Belida until Defendant has an opportunity to make objections and the Court finally determines, based on the record as it then exists at trial, whether the opinion evidence meets *Daubert* standards and is admissible. Accordingly, the Court will deny Defendant's request for a separate pretrial *Daubert* hearing and will reserve ruling on the admissibility of the expert opinion testimony of Special Agent Belida.

**IT IS THEREFORE ORDERED** that *Defendant Eloy Romero's Motion to Exclude Proposed Expert Testimony and/or in the Alternative for Daubert Hearings* (**ECF No. 96**) is **DENIED** as to his request for a pretrial *Daubert* hearing. As for Defendant's request to exclude the proffered opinion testimony of Special Agent Belida, the Court will **RESERVE RULING** until trial.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**