IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                        No. 21-cr-00559-JCH

ELOY ROMERO,

    Defendant.

### MEMORANDUM OPINION AND ORDER

Defendant Eloy Romero faces charges for possessing drugs with intent to distribute and for possessing a firearm in furtherance of a drug-trafficking crime. This memorandum opinion and order addresses a motion from the New Mexico Motor Vehicle Division ("MVD"). *See Motion for Limited Entry of Appearance to Request This Court to Quash or Modify a Subpoena and for a Protective Order* (ECF No. 119).

**I.     Background**

The Court incorporates the background facts from its memorandum opinion and order denying Mr. Romero's motion to suppress. *See* Mem. Op. & Order 1-14 (ECF No. 51). Worth noting is that the Albuquerque Police Department stopped Mr. Romero while he was driving a 2017 Toyota Camry. Mr. Romero, as part of his defense, intends to show that the Camry was not registered under his name. *See* Def.'s Resp. 2 (ECF No. 123).

Mr. Romero subpoenaed the MVD on March 10, 2023. *See* ECF No. 119, at 1 ¶ 1. The subpoena instructs the MVD's custodian of records to appear at Mr. Romero's trial on March 27, 2023, and to bring "unredacted registration records from February 25, 2021 for a 2011 Toyota Camry Sedan, license number [redacted] VIN number [redacted]." *See* Subpoena 1 (Doc. No. 124).

The MVD objects to disclosing these documents. So it moved for a limited appearance to quash or modify the subpoena. *See* ECF No. 119.

## II.     The MVD's Motion to Make a Limited Appearance

The MVD first moves to make a limited appearance for the sole purpose of moving to quash or modify the subpoena. The Court will consider the motion to quash the subpoena, so the Court will grant the prerequisite motion for the MVD to make a limited appearance. *See* D.N.M. L.R.-Crim. 44.1(h) ("An attorney may not appear in a limited manner except by Court order.").

## III.    The MVD's Motion to Quash

The MVD asks this Court to "issue a protective order not requiring the department's representative(s) to reveal information that is confidential pursuant to NMSA 1978, Section 66-2-7.1 (2007)." ECF No. 119, at 1. Federal Rule of Criminal Procedure 17(c) governs subpoenas for documents in criminal cases. The rule states that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). But the rule also allows a party to object to production: "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." *Id.* 17(c)(2); *see United States v. Nixon*, 418 U.S. 683, 698 (1974). To overcome objection, the party issuing the subpoena must show (1) relevancy, (2) admissibility, and (3) specificity. *See id.* at 700.

### A.     Unreasonable and Oppressive

Start with the MVD's argument. The MVD points to NMSA 1978, Section 66-2.7.1 (2007) ("NMDPPA"). That statute makes it unlawful—with exceptions—for a department employee "to disclose to any person other than another employee of the department or bureau any personal information about an individual obtained by the department or bureau in connection with a driver's license or permit, the titling or registration of a vehicle." § 66-2-7.1(A). To be sure, Mr. Romero is asking the MVD to disclose information about a third party (the Camry's registrant) that the

2

MVD obtained in connection with the third party's registration. The statute thus renders unlawful the disclosure of the registration documents—unless an exception applies.

The MVD asserts that none of the statutory exceptions apply. *See* ECF No. 119, at 2 ¶ 4. Consider, however, the second exception: a department employee may release information "for use by any governmental agency, including any court, in carrying out its functions." § 66-2-7.1(A)(2). The Court could not find a case—nor did the parties provide one—that interprets this exception. But the plain language of this exception supports the subpoena. The disclosure of the documents would be for the Court's (or more precisely, the jury's) use in carrying out its fact-finding function.

Mr. Romero, for his part, does not argue that this exception applies. Instead, Mr. Romero points to the federal Driver Privacy Protection Act ("DPPA"). *See* ECF No. 123, at 4 (citing 18 U.S.C. § 2721). Like the NMDPPA, the DPPA generally prohibits a state motor vehicle department from releasing personal information but carves out exceptions. *See* § 2721(a). One of those exceptions is for disclosures

> [f]or use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

§ 2721(b)(4). Mr. Romero makes two arguments about this exception. First, the exception allows his subpoena. Second, the DPPA trumps the NMDPPA because of the Supremacy Clause. The first argument is correct; the second misunderstands the relationship between the two statutes.

The plain language of the DPPA supports the subpoena. The requested documents are for use in a criminal proceeding in a federal court. *See Pichler v. UNITE*, 339 F. Supp. 2d 665, 668 (E.D. Pa. 2004) (construing "use" in § 2721(b)(4) to imply "a reasonable likelihood that the decision maker would find the information useful in the course of the proceeding").

3

What about the relationship between the NMDPPA and the DPPA? The Supreme Court of New Mexico has called the statutes "analogue[s]." *See Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 4, 283 P.3d 853. And the New Mexico Court of Appeals has highlighted the two statutes' shared histories and purposes. *See Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't*, 2010-NMCA-080, ¶ 12, 242 P.3d 444 ("[T]he NMDPPA contains restrictions and exceptions similar to those in the DPPA."), *rev'd on other grounds*, *Republican Party of N.M.*, 2012-NMSC-026.

Because of the statutes' relationship, the applicability of the DPPA's exception to the subpoena confirms the applicability of the NMDPPA's exception to the subpoena. And because an exception to the NMDPPA applies, the MVD's argument that disclosing the documents will lead to unreasonable or oppressive hardship under the NMDPPA fails.

### B.     Relevant, Admissible, and Specific

Turn next to the requirements for the subpoena's issuance—relevancy, admissibility, and specificity. *Nixon*, 418 U.S. at 700. Mr. Romero meets all three. Worth noting, however, is that the Court is not holding that the registration documents are relevant or admissible. To hold that the issuance of a subpoena is proper, the Court need only find a "rational inference" of relevancy and a "sufficient preliminary showing" of admissibility. *See id.*

First, Mr. Romero presents a rational inference of relevancy. Federal Rule of Evidence 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Mr. Romero's trial might turn on a theory of constructive possession of drugs in the Camry. A third party's registration of the Camry impacts the probability of Mr. Romero's constructive possession of the drugs. As a result, the car's registration is a fact of consequence in the upcoming trial.

Second, Mr. Romero makes a sufficient preliminary showing that the registration documents are admissible. True enough, the registration documents contain hearsay—out-of-court statements offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c). But Mr. Romero points to the business-records exception to the bar against hearsay. *See* Fed. R. Evid. 803(8). That is enough for now. *See, e.g.*, *United States v. Montero-Camargo*, 177 F.3d 1113, 1124 (9th Cir. 1999) ("The vehicle registration here was likewise properly admitted under the business records exception to the hearsay rule."), *aff'd en banc on other grounds*, 208 F.3d 1122 (9th Cir. 2000).

And third, Mr. Romero highlights the subpoena's specificity. He requests records about only one vehicle from only one day. He has, in other words, "identif[ied] the item sought and what the item contains." *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (explaining what *Nixon* requires).

In sum, Mr. Romero satisfies the requirements necessary to serve the subpoena on the MVD. As a result, the Court will deny the MVD's motion to quash or modify the subpoena and for a protective order.

## IV. Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the MVD's *Motion for Limited Entry of Appearance to Request This Court to Quash or Modify a Subpoena and for a Protective Order* (**ECF No. 119**) is **GRANTED IN PART AND DENIED IN PART**:

- The motion is **granted** in that the MVD may make a limited appearance in this case solely for the purpose of moving to quash the subpoena served by Defendant on March 10, 2023; and

- The motion is **denied** in that the MVD must comply with the subpoena served by Defendant on March 10, 2023.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**