IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                      No. 21-cr-00559-JCH

ELOY ROMERO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant Eloy Romero faces charges for possessing drugs with intent to distribute and for possessing a firearm in furtherance of a drug-trafficking crime. This memorandum opinion and order addresses Mr. Romero's *Motion to Partially Exclude DEA Chemist Julia Mejia's Testimony* (ECF No. 128).

### I.    Background

The Court incorporates the background facts from its memorandum opinion and order denying Mr. Romero's motion to suppress. *See* Mem. Op. & Order 1-14 (ECF No. 51). Additional facts, gleaned from Mr. Romero's current motion, are warranted.

Law enforcement found substances in a vehicle driven by Mr. Romero. To determine whether the substances were illegal drugs, DEA chemists compared the substances found in the vehicle to reference samples. In Mr. Romero's words, "[t]he purpose of the Reference Sample is to compare to the Alleged Substance to attempt to determine a purity." ECF No. 128, at 2 ¶ 8.

According to Mr. Romero, Chemist Timothy Vo prepared the reference samples. And after that, Chemist Julia Mejia used the reference samples to analyze the substances found in the vehicle. Chemist Mejia then made conclusions about the substances. *See id.* at 2, ¶¶ 11-19.

The United States included Chemist Mejia on its witness list. But the United States did not indicate an intention to call Chemist Vo. So Mr. Romero moved to exclude Chemist Mejia. He argues that allowing Chemist Mejia's testimony about the substances without the opportunity to cross examine Chemist Vo will violate his Sixth Amendment right to confrontation.

**II.    Discussion**

The Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. Because of this right, "[t]estimonial statements of witnesses absent from trial [are admissible] only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. 36, 59 (2004). Non-testimonial statements, by contrast, do not implicate the Confrontation Clause. This motion thus turns on whether Chemist Vo's representations about the reference samples were testimonial.

"A testimonial statement is a 'formal declaration made by the declarant that, when objectively considered, indicates' that the 'primary purpose of the [statement is] to establish or prove past events potentially relevant to later criminal prosecution.'" *United States v. Morgan*, 748 F.3d 1024, 1038 (10th Cir. 2014) (alteration in original) (quoting *United States v. Smalls*, 605 F.3d 765, 777-78 (10th Cir. 2010)). This definition extends to laboratory evidence. Consider two landmark cases, both cited by Mr. Romero.

*Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), held "that a forensic laboratory report stating that a suspect substance was cocaine ranked as testimonial for purposes of the Sixth Amendment's Confrontation Clause." *Bullcoming v. New Mexico*, 564 U.S. 647, 651 (2011) (describing holding of *Melendez Diaz*). In *Melendez-Diaz*, police seized substances from the defendant. Chemists analyzed the substances and found them to contain cocaine. The chemists

2

then signed certificates of analysis. At trial, the prosecutor introduced the certificates. But the chemists themselves did not testify. The Court held that the chemists' absence violated the Confrontation Clause. *See* 557 U.S. at 308, 310-11.

In *Bullcoming v. New Mexico*, police seized a blood sample from the defendant after suspecting drunk driving. Forensic Analyst Curtis Caylor tested the blood sample. Analyst Caylor concluded that the blood alcohol content exceeded the threshold for aggravated DWI. But Analyst Caylor did not testify at the defendant's trial. Instead, the prosecution offered the testimony of Scientist Gerasimos Razatos and offered Analyst Caylor's findings as a business record. Scientist Razatos had not personally observed or reviewed Analyst Caylor's analysis. Still, Scientist Razatos testified about Analyst Caylor's methodology. The Court held that the Confrontation Clause demanded more. *See id.* at 652-56, 663.

So is Chemist Vo in an analogous position to the *Melendez-Diaz* chemists or Analyst Caylor? The answer is no. The *Melendez-Diaz* chemists analyzed the found substances; Analyst Caylor analyzed the blood sample. Chemist Vo, by contrast, prepared only reference samples. (It is Chemist Mejia who is in the analogous position to the other scientists.) Put differently, Chemist Vo did no more than make a measuring device.

The key fact is that Chemist Vo did not analyze the actual substances at issue. Indeed, *Melendez-Diaz* itself made the distinction between analyzing the substance at issue and preparing a measuring device: "[W]e do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution's case." 557 U.S. at 311 n.1; *see also United States v. Razo*, 782 F.3d 31, 35 (1st Cir. 2015). Chemist Vo's work, therefore, is no bar to Chemist Mejia's testimony.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Mr. Romero's *Motion to Partially Exclude DEA Chemist Julia Mejia's Testimony* (ECF No. 128) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE