IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                         No. 21-cr-00559-JCH

ELOY ROMERO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant Eloy Romero filed a *Motion to Exclude Government's Witnesses* (ECF No. 126), seeking an order excluding or limiting the testimony of Chase Jewell, Isaac Lopez, Ivar Hella and Laura Christison. The Court, having considered the motion, response, amended reply, evidence, and the applicable law, will grant in part and deny in part Defendant's motion to exclude, as explained herein.

**I.    Background**

The Court incorporates the background facts from its memorandum opinion and order denying Mr. Romero's motion to suppress (*see* Mem. Op. & Order 1-14, ECF No. 51), and its memorandum opinion and order addressing Defendant's motions in limine (*see* Mem. Op. & Order 2, ECF No. 108).

Trial is scheduled for March 27, 2023. (Notice, ECF No. 91.) According to the Court's pretrial deadlines, the parties were to file their witness lists five working days before trial, which in this case resulted in a deadline of March 20, 2023. (Pretrial Deadlines and Instructions 1, ECF No. 91-1.) The Court's discovery order stated that the Government's expert report disclosures should have been disclosed to Defendant on May 12, 2021. (*See* Discovery Order 2-3, ECF No.

19.) The parties had a continuing duty to disclose the existence of additional evidence or material promptly. (*Id.* at 4.)

On March 21, 2023, the United States submitted its witness list, which as relevant here, included Chase Jewell, Albuquerque Police Department ("APD") Officer, and Laura Christison, Metropolitan Detention Center ("MDC") Interim Records Custodian. (Gov.'s Witness List 1, ECF No. 118.) Isaac Lopez and Ivar Hella were not listed. (*See id.*) Later that same day, the United States submitted an amended witness list that added "Isaac Lopez, civilian" and "Ivar Hella, Drug Enforcement Administration Special Agent." (Gov.'s Am. Witness List 1, ECF No. 121.) Notably, the same day, on March 21, 2023, Defendant submitted an amended witness list adding James Kaplan or another APD records custodian to his list. (*Compare* Def.'s Witness List, ECF No. 114, *with* Def.'s Am. Witness List, ECF No. 122.) On March 22, 2023, Defendant filed his motion to exclude four witnesses for various reasons. The Court will take up each witness in turn.

## II.  LAW

Rule 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. A court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or confusion of the issues. Fed. R. Evid. 403.

## III.  ANALYSIS

### A.  Chase Jewell

Defendant seeks to exclude Officer Jewell's testimony regarding Mr. Romero's misdemeanor warrant, which this Court already excluded, and regarding his suspended driver's license, because Mr. Romero is willing to concede his license was suspended. The United States

responded that it intended to call Officer Jewell to testify that he ran Mr. Romero's social security number from the card Mr. Romero gave officers and discovered he had a suspended license. However, given Defendant's statement that he will not contest that fact, the United States does not believe it will need to call Officer Jewell. Instead, the United States will ask Officer Simmons questions to elicit his testimony that Mr. Romero's driver's license was suspended on February 25, 2021. The United States, however, states that it reserves the right to call Officer Jewell should his testimony become necessary or in a rebuttal case. The Court concludes that it is unnecessary to exclude Officer Jewell's testimony, because the exclusion request is either moot, or his testimony may be relevant to Mr. Romero having a suspended driver's license, a fact this Court previously determined relevant to explain the officers' actions in towing the vehicle.

    **B. Laura Christison**

According to the United States, Laura Christison is the Interim Records Manager at MDC who provided Government's Exhibit 64, a photograph of Eloy Romero taken at MDC on March 15, 2021; Government's Exhibit 65, a photograph of Robert John Schmidt taken at MDC on April 24, 2021; and a certificate of authenticity stating that the records were kept in the regular course of business. The purpose of the evidence purportedly is to show the jury an accurate photograph of Mr. Romero near the time of the incident (approximately three weeks later) to compare with the photograph on the temporary driver's license with the name Robert John Schmidt. The Government intends to show that the photograph in Exhibit 65 is of a Robert John Schmidt with the same month and day of birth as that listed in the temporary driver's license, with a birth year one year different from that given for the Mr. Schmidt on the temporary license, and with the same address as that given on the temporary license. The Government argues that the evidence is relevant to a key issue in this case – constructive possession of the backpack.

Defendant argues that Exhibit 64 is irrelevant because it was taken three weeks after the incident and unnecessary because there is video evidence of what Mr. Romero looked like on the night in question. Moreover, the defense does not intend to argue that the photograph on the temporary driver's license is not of Mr. Romero. As for Exhibit 65, Defendant asserts this too is irrelevant because Defendant is not disputing that Mr. Romero's face is on the temporary driver's license found in the vehicle or that the face on the license belongs to Mr. Schmidt. Defendant further asserts the evidence is unfairly prejudicial because of the connection the Government will attempt to make to an individual who has a history of being incarcerated at MDC, confusing the issues, misleading the jury, and wasting time because of the side issue of who is Mr. Schmidt. Accordingly, Defendant contends that the exhibits must be excluded under Rule 403, and thus, Ms. Christison's testimony is not relevant.

The Court finds Exhibits 64 and 65 are relevant to a key issue in this case – constructive possession of the backpack. That a temporary driver's license with Mr. Romero's image was found in the backpack is relevant to whether the backpack was in Mr. Romero's possession. Although Exhibit 64 was taken three weeks later, it was reasonably near the time of the incident for the Government to use it for the jury to compare the image in Exhibit 64 with the image on the temporary driver's license. If Defendant were contesting that the image was of Mr. Romero, then Exhibit 65 would be relevant to help prove that the image was not of Robert John Schmidt.

In his amended reply, Defendant nonetheless contends that the evidence is rendered wholly irrelevant, redundant, and prejudicial because at trial "the defense will acknowledge that the photo indeed is of Mr. Romero." (Def.'s Am. Reply 2, ECF No. 138.) In light of the defense stipulation at trial to the fact that the image on the temporary driver's license is Mr. Romero's image, then the

4

Court agrees that Exhibits 64 and 65 and Ms. Christison's testimony would be cumulative and should be excluded.

### C. Isaac Lopez

Defendant asserts that the testimony of Isaac Lopez should be excluded because the Government added him to its list less than four business days before trial without giving any information to the defense about his testimony, resulting in prejudice to Defendant. The Government disclosed Mr. Lopez as a witness one day after the Court's pretrial deadlines. As for the basis for Mr. Lopez's testimony, a defense investigator testified at the hearing on the motion to suppress that Mr. Lopez told him that he sold the vehicle in question to Mr. Romero. (*See* Mem. Op. and Order 12, ECF No. 51.) According to the Government, it originally subpoenaed Mr. Lopez as a potential rebuttal witness, but when it learned that Defendant was preparing to introduce vehicle registration records, it saw the need to call Mr. Lopez in its case-in-chief. The Court finds no prejudice in the one-day late witness disclosure and will permit Mr. Lopez to testify. *See United States v. Nevels*, 490 F.3d 800, 803-04 (10th Cir. 2007) (explaining that there is no constitutional right to pretrial discovery of witnesses in non-capital cases and there is no statute or rule requiring pretrial disclosure of non-expert witnesses).

### D. Ivar Hella

Defendant argued in his motion to exclude that Ivar Hella's testimony should be excluded because the Government added him to its list less than four business days before trial without giving any information to the defense about his testimony. In response, the Government proffered that DEA Special Agent Ivar Hella is the primary firearms instructor for the DEA in Albuquerque and will testify that Exhibit 48 is a firearm. (Gov.'s Resp. 3, ECF No. 134.) Defendant then replied that Special Agent Hella's testimony will be expert testimony as it relates to the firearm, its

functionality, and whether it meets the federal definition of a firearm. Defendant asserts that he did not receive an expert disclosure for Special Agent Hella until 2:12 p.m. on March 24, 2023, on the eve of trial that stated the following:

> SA Hella, as witnessed by SA Nielsen, performed an initial inspection of the semi-automatic pistol and determined the barrel was clear of any obstruction and the slide moved freely with no binding. It was noted that the striker of the pistol was visible from the rear of the slide when locked in firing position. The safety of the pistol prevented the striker from moving when the trigger was pressed and it was engaged. When the safety was disengaged, the striker of the pistol was allowed to move when the trigger was pressed. The magazine was placed into and removed from the magazine well of the pistol and operated as designed with the pistol.

(Def.'s Am. Reply 3-4 n.2, ECF No. 138.) Defendant argues that this belated disclosure violates Rule 16, and it prejudices him, because he prepared his case on the assumption that the Government would not offer expert testimony regarding the firearm, and he did not seek to locate a defense expert in rebuttal.

Count 3 of the indictment charges Defendant with knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). To prove this crime, the United States must prove that Defendant possessed a firearm, a term defined as any weapon which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive. *See* Tenth Circuit Criminal Pattern Jury Instruction 2.45.1. "The term 'firearm' also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device." *Id.*

Federal Rule of Criminal Procedure 16(a)(1)(G) describes the Government's disclosure requirements for expert witnesses. It provides that the government must give to the defendant a written summary of any testimony that the government intends to use under the evidence rules pertaining to the admissibility of expert testimony during its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(G)(i). Rule 16(a)(1)(G) further clarifies that the summary provided must contain a

complete statement of all opinions that the Government will elicit, the bases and reasons for those opinions, the witness's qualifications, and a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or by deposition. Fed. R. Crim. P. 16(a)(1)(G)(iii) (effective Dec. 1, 2022). As for the time of disclosure, the Court "must set a time for the government to make its disclosures" and the time "must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. P. 16(a)(1)(G)(ii) (effective Dec. 1, 2022). If a party fails to comply with its discovery requirements, Rule 16(d)(2) authorizes the court to fashion an appropriate remedy, including ordering discovery, granting a continuance, prohibiting the introduction of the undisclosed evidence at trial, or entering "any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2)(A)-(D).

The Government does not argue that it complied with Rule 16's disclosure requirements for expert testimony. Nor is it seeking to qualify Special Agent Hella as an expert witness. Instead, it asserts that the testimony is not expert testimony and within the scope of knowledge of an average layperson. According to the Government, Special Agent Hella will "testify regarding his investigative actions and observations specific to this case," more specifically, that he inspected the pistol seized from the backpack, that he placed a .22 caliber cartridge into the chamber of the pistol (which had a primer but no gun powder or bullet), that he cocked and pulled the trigger, and that the pistol fired. (Gov.'s Sur-reply 1-2, ECF No. 141.) He will testify that "the pistol fired and—in the absence of gunpowder or a bullet—the primer ignited with an audible pop." (*Id.* at 2.) He will further testify that he did this twice with the same result. (*Id.*) Finally, the Government intends to elicit testimony that what occurred shows that the gun is capable of firing a bullet, and that Exhibit 48 is a firearm and functioned as designed. (*Id.*)

If the subject matter of testimony is scientific, technical or other specialized knowledge, then the witness must be qualified as an expert under Rule 702. *United States v. Yeley-Davis*, 632 F.3d 673, 684 (10th Cir. 2011). "A person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person." *Id.* (brackets omitted) (quoting *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 929 (10th Cir. 2004)). To further distinguish between the two, "lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *Id.* (quoting Fed. R. Civ. P. 701 (Adv. Comm. Notes (2000 Amend.))). When a law enforcement officer testifies to knowledge derived from the investigation of the case at hand, it is typically considered lay testimony, but when the testimony is based on the officer's professional experience as a whole, it is expert testimony. *United States v. Draine*, 26 F.4th 1178, 1187 (10th Cir. 2022).

Special Agent Hella may testify to his first-hand sensory observations during the test-firing, such his visual observations of the condition of the pistol, what he did with the pistol, and his observations of what occurred when he pulled the trigger. *See United States v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002) ("Lay opinion testimony most often takes the form of a summary of first-hand sensory observations."). He cannot, however, give specialized explanations or interpretations that an untrained lay person could not make perceiving the same events.

The next question is thus whether his opinions that the gun is capable of firing a bullet and is a firearm require specialized explanations or whether any lay person could make the same observation or inference. So long as Special Agent Hella's testimony is based on his first-hand observations in test-firing the pistol, he can testify to his belief that the pistol is a firearm. *Cf. United States v. Ingram*, 947 F.3d 1021, 1025 (7th Cir. 2020) (explaining that government need

not produce an expert witness or even more than one lay witness to prove defendant used a firearm during commission of a crime, and thus, lay witness's testimony that she saw defendant with a small firearm was sufficient to establish that defendant had a firearm). The Court finds the proposed testimony constitutes lay opinion that Special Agent Hella may give. *Compare United States v. Askew*, No. 3:12 CV 457, 2016 WL 434680, at *6 (W.D. Wisc. Jan. 26, 2016) (concluding that officer's testimony that shotgun shells were of same gauge, size, and manufacturer was lay testimony, because it was based on his reading of what was stamped on the exterior of the shells themselves and comparing them side by side, which any lay person who is generally familiar with firearms and ammunition could do); *Jones v. State*, 269 So.3d 378, 384, 387 (Miss. App. 2018) (concluding that firearm instructor could only testify as a lay witness because his testimony was not based on facts and data, but instead was based on his personal observations of the firearm's functionality – that when he grasped firearm a certain way, it went off several times in quick succession), *with United States v. Bishop*, 926 F.3d 621, 627-28 (10th Cir. 2019) (concluding that defendant's testimony about how the interaction between a TCGTR and an AR-15's trigger mechanism alters an AR-15's rate of fire was expert testimony because it required specialized knowledge to understand how an AR-15 works, how its component parts can be manipulated to increase rate of firing, and what a "forced reset trigger system" and a "positive reset trigger system" are, and how such systems differ from the analogous system in a machinegun); *Conn*, 297 F.3d at 554 (concluding that agent's opinions that firearm were not collector's items was expert opinion because even a lay person familiar with firearms in general would not have that expertise to distinguish between collector's items firearms and non-collector firearms).

  Special Agent Hella's testimony, however, must not stray from his first-hand observations and into specialized knowledge that goes beyond lay knowledge. The Court will not permit him to

9

testify as to his opinion that the pistol functioned "as designed" or the capabilities of the pistol beyond what he personally observed, as those opinions requires more specialized knowledge of the design and mechanics of the firearm beyond his personal observations of how the pistol functioned when he fired it. *Cf. United States v. Felder*, 993 F.3d 57, 71-73 (2d Cir. 2021) (concluding that opinion by detective that dark object visible in surveillance footage was a firearm was not a lay opinion because it was not based on events detective experienced first-hand, but rather, "because he had specialized knowledge of, and long experience with, firearms and their component parts, which went well beyond that of an average person and which afforded him expert insights helpful to a jury in identifying objects in grainy surveillance images").[1]

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Exclude Government's Witnesses* (**ECF No. 126**) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Because Defendant will stipulate at trial that his image is on the temporary driver's license, the Court **GRANTS** Defendant's request to exclude Ms. Christison from testifying, because her evidence would be cumulative.

2. The Court **GRANTS** Defendant's request to exclude Special Agent Hella from testifying as to one opinion – that the pistol functioned as designed – but otherwise **DENIES** the request to exclude Special Agent Hella's testimony to the extent it stays within the bounds of lay testimony, as described herein.

3. The Court **DENIES** Defendant's request to exclude the testimony of Chase Jewell and Isaac Lopez.

SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Should Defendant's cross-examination open the door to any of the witness's opinions based on his experience, the Court may revisit its limitation.